UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICK L. BASS,

    Plaintiff,

v.                                                            Case No. 5:10-cv-689-Oc-30TBS

D.B. DREW, et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

Plaintiff, *pro se* and *in forma pauperis*, initiated this case by filing a Civil Rights Complaint pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics.*[1] (Doc. 1). Plaintiff is now proceeding on an Amended Complaint (Doc. 11), in which Plaintiff alleges Defendants improperly returned his legal mail to sender. Plaintiff names as Defendants Warden Drew, Officer M. Pinero, and two unknown Defendants from the Coleman Correctional Facility mail room. As relief requested, Plaintiff seeks, *inter alia*, injunctive relief requiring Defendants to deliver his legal mail and compensatory and punitive damages.

## Review of *In Forma Pauperis* Cases

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is

---

[1] 403 U.S. 388 (1971).

untrue,[2] or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[3] The Court must liberally construe a *pro se* Plaintiff's allegations.[4]

"A claim is frivolous if it is without arguable merit either in law or fact."[5] A Complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.[6] Section 1915(e)(2)(B)(I) dismissals should only be ordered when the legal theories are "indisputably meritless,"[7] or when the claims rely on factual allegations which are "clearly baseless."[8] Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.

### Discussion

Upon review of the Amended Complaint, the Court finds this case is due to be dismissed. Plaintiff did not properly exhaust his administrative remedies. Plaintiff concedes that his appeal to the Central Office was rejected as untimely. *See* Doc. 11, pg. 25. Although the § 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense

---

[2] 28 U.S.C. § 1915(e)(2)(A).

[3] *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4] *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

[5] *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)).

[6] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

[7] *Id*. at 327.

[8] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint."[9]

Moreover, Plaintiff is not entitled to the relief he seeks. Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff has alleged no physical injury stemming from the alleged deprivations underlying his Amended Complaint. Thus, his compensatory and punitive damages claims are barred while he remains incarcerated.[10] Although "nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages," Plaintiff has not sought nominal damages.[11]

Further, Plaintiff is not confined at the Federal Correctional Complex in Coleman, Florida. Thus, the various forms of injunctive relief requested by Plaintiff would be meaningless at this time. The Court finds that Plaintiff's transfer from the Federal Correctional Complex moots Plaintiff's claims for injunctive relief.[12]

---

[9]" *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (*citing* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)).

[10] *Harris v. Garner*, 216 F.3d 970, 979-80 (11th Cir. 2000) (§ 1997e(e) does not bar a claim for mental and emotional injury suffered while confined after the prisoner is released from custody).

[11]*Hughes v. Lott,* 350 F. 3d 1157, 1162 (11th Cir. 2003).

[12]*Spears v. Thigpen*, 846 F.2d 1327 (11th Cir. 1988).

## Conclusion

Accordingly, this case is **DISMISSED without prejudice** and Plaintiff's requested injunctive relief is **DENIED as moot**. The Clerk of the Court shall terminate all pending motions and close the file.

**DONE** and **ORDERED** in Tampa, Florida on January 3, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Plaintiff